## YOUNG v KELLEY

Ohio Appeals, 3rd Dist, Auglaize Co

Decided Nov 10, 1938

Christensen & Christensen, and Thomas W. Danaher, St. Marys, for plaintiff-appellant.

Boesel & Boesel, Wapakoneta, and Anderson & Lusk, Wapakoneta, for defendants-appellees.

### OPINION

By CROW, J.

This case was commenced in the Common Pleas Court of Auglaize County, Ohio, and upon trial there resulted in a verdict and judgment for defendant, whereupon plaintiff appealed on questions of law.

The cause of action was for damages to plaintiff's person by reason of a pistol shot fired by defendant.

Plaintiff's evidence tended to prove among other allegations of the petition that about six o'clock in the evening of February 19, 1933, while she was in a public street of Wapakoneta, Ohio, to bring her two children into her home, defendant, sheriff of the county, while pursuing a man he had arrested in the city for being drunk, and who had escaped his custody, shot plaintiff producing substantial damages to her person. The arrested man had escaped the sheriff twice before, following the arrest, and while pursuing him on the second escape, the sheriff had fired some shots from the revolver of .38 calibre which plaintiff had heard before going from the home into the street. She was a stranger to the arrest and escapes.

Defendant testified that all of the shots were fired solely for the purpose of frightening the arrested man into stopping so that he could be retaken into custody, and that he did not see plaintiff and did not intend to shoot anyone whomsoever.

The evidence as a whole was brief and unusually free from material conflict.

Defendant's responsibility was charged to the jury as resting primarily on whether he exercised ordinary care or was negligent in firing the shot which injured plaintiff; and the issue of contributory negligence of plaintiff was also submitted.

The force and the means of its use by defendant when pursuing the misdemeanant are not subjects within the proprieties of the opinion, for as we have said, plaintiff did not participate in the transaction between those two persons; she was of the public and for that reason as lawfully immune from injury by defendant as though she had been at home. There was no evidence tending to prove contributory negligence, and hence the submission of that issue was reversible error.

But whether the case is to be regarded as for negligence technically speaking, or for trespass against the person (Bouvier's Law Dictionary, Rawl's Third Revision, 3316) the situation is precisely the same, namely the issue of defendant's responsibility for the shooting is, upon the record, one of law which should not have gone to the jury because reasonable minds could not come to any other conclusion than that as to plaintiff the firing was wrongful per se.

The elementary law of this case unopposed by any decision cited by counsel or otherwise known to the court may with correctness be stated as follows: The sheriff of a county in Ohio, who in a municipality of such county, arrested and had in custody a person while drunk which offense was a misdemeanor, and such person had escaped and the sheriff was pursuing him to retake him into custody and during such pursuit fired a revolver without intending injury to anyone, but solely to frighten the misdemeanant into stopping, and the bullet from the revolver injured a person in the public street of the municipality, and not connected with the escape of such prisoner, commits an act of trespass against the person so shot and is liable to such person for

594

thé resultant damages. In such a case there is no place for the defense of contributory negligence.

Plaintiff died since the case came into this court and revivor was had in the name of the personal representative, but we have chosen to refer to the parties as they stood in the court below.

The judgment must be reversed for error in the charge and the case is remanded for a new trial.

GUERNSEY, PJ, and KLINGER, J, concur.